UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

        Plaintiff,

CASE NO. 00-6103-CR-FERGUSON

v.

AMY SMITH,

        Defendant.

_____/



FILED by _____ D.C.

SEP 25 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## STIPULATION OF INFORMATION NECESSARY FOR SENTENCING

COMES NOW the United States of America by and through Assistant United States Attorney, TERESA J. DAVENPORT, and Defendant, through her counsel, ALAN S. ROSS, and stipulate that the following information is accurate and is sufficient to enable to the court to exercise the sentencing authority meaningfully under 18 U.S.C. Section 3553:

1. The Defendant, AMY SMITH, was born October 8, 1954 and is, accordingly, 45 years old. The Defendant's social security number is 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.

2. The Defendant has zero (0) criminal history points and is, therefore, a Category 1 offender.

3. The Federal Sentencing Guideline which applies to the offense outlined in Count I of the Indictment is Section 2F1.1, U.S.S.G. The parties stipulate that the base offense level provided by the sentencing guideline is six (6) and that the dollar amount obtained through the offense is $28,031.39. Section 2F1.1 provides for a four level increase above the





base offense level for conduct ranging between $20,000.00 and $40,000.00.

4. The parties further stipulate that the Defendant has clearly demonstrated her acceptance of responsibility for this offense and is, therefore, entitled to a two (2) level decrease in the offense level pursuant to Section 3E1.1, U.S.S.G.

5. Accordingly, the parties agree that the adjusted offense level is a Level eight (8) and the sentencing range for a Category I offender is 0-6 months. Accordingly, the applicable guideline range is in Zone A of the sentencing table.

6. The parties further stipulate that restitution is owed to an agency of the United States Government in the amount of $28,031.39. The parties further stipulate that the restitution order entered by the Court shall require monthly payments to be determined by the probation department.

7. The parties stipulate that the Defendant is not able to pay a fine and that, given the restitution order that will be entered herein, is not likely to become able to pay the fine provided for in Section 5E1.2 U.S.S.G.

8. In addition to the above, the Court will be required to impose a special assessment in the amount of $100.00.

9. The parties jointly recommend a sentence of two (2) years of probation with the special condition of the Defendant's payment of restitution in the amount of $28,031.39 in payments as determined by the probation department. The parties agree, however, that if the Defendant shall pay the $28,031.39 prior to the end of the two year probationary period, the United States will not oppose the Defendant's Motion for Early Termination of Probation.

10. The parties further stipulate and agree that, upon acceptance of the Defendant's guilty plea of Count I of the Indictment, Count II of the Indictment will be dismissed.

11. Based on the above and foregoing, the parties stipulate and agree that a Pre-Sentence Investigation Report is unnecessary and both parties waive their right to same.

DATED at Miami-Dade County, Florida this 25th day of September, 2000

| | |
|---|---|
| **GUY A. LEWIS** <br> United States Attorney <br><br> BY: _/s/ Teresa J. Davenport_ <br> TERESA J. DAVENPORT <br> Assistant United States Attorney | **ROBBINS, TUNKEY, ROSS, AMSEL,** <br> **RABEN, WAXMAN & EIGLARSH, P.A.** <br> 2250 S.W. 3rd Avenue, 4th Floor <br> Miami, FL 33129-2095 <br><br> BY: _/s/ Alan S. Ross_ <br> ALAN S. ROSS, ESQ. |

_Amy L. Smith_

*United States Attorney*
*Southern District of Florida*

99 N.E. 4 Street
Miami, FL 33132
(305) 961-9000

September 25, 2000

Alan S. Ross
Robbins, Tunkey, Ross, Amsel, Raben & Waxman, P.A.
2250 Southwest Third Avenue
Miami, Florida 33129-2095

Re: <u>United States vs. Amy Smith</u>

Dear Mr. Ross:

Thank you for all your efforts to resolve these matters. This letter will contain a summary of all conditions and understandings of the parties in the case of Amy Smith.

Amy Smith agrees to plead guilty to Count One of the indictment in Case No. 00-6103-CR-Ferguson. She will waive PSI and the government agrees to waive PSI as well. Both counsel will represent that Amy Smith's offense scores out as a base of 6, plus 4 for the amount, less two for acceptance, for a final score of 8. The government agrees to the low end of the guidelines. Amy Smith and the government agree that Amy Smith will receive two years of probation. Amy Smith agrees to pay back, as restitution, the amount of $28,031.39. Amy Smith will make monthly payments, as determined by probation, during her two years of probation. If Amy Smith pays back the full amount of $28,031.39 prior to the end of the two year probation period, the United States will not oppose a motion for early termination of probation.

Amy Smith will remain as an employee on indefinite suspension without pay for the period of time it takes her to file for medical disability (non-work related) with the Office of Personnel Management and to receive their initial adjudication. Amy Smith will file her application within four weeks of her date of sentencing. Both Amy Smith and the United States understand that the decision whether Amy Smith is entitled to medical disability is an independent determination, to be made through the routine process followed in all medical disability applications, and that there are no conditions or understandings associated with the actual decision.

If Amy Smith does not receive a favorable endorsement to her original application for medical disability, Amy Smith agrees that she will resign while (on indefinite suspension) the day she is notified by the Office of Personnel Management of their initial decision. This provision does not apply if Amy Smith is successful in her application. If Amy Smith resigns, she will preserve all her appeal rights to the OPM

decision.

The signature of the parties below are evidence of their understanding of the terms contained in this letter and their decision to be bound by these terms.

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *(signature)*
Teresa J. Davenport
Assistant U.S. Attorney
Date: September 25, 2000


*(signature)*
AMY SMITH
DEFENDANT
Date: 9-25-00

*(signature)*
ALAN S. ROSS, ESQUIRE
COUNSEL FOR DEFENDANT
Date: 9/25/00